STATE OF MAINE

PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-003

LINDA M. WATSON,

Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

FILED & ENTERED ON APPEAL
SUPERIOR COURT
AUG 22 2005
PENOBSCOT COUNTY

This matter comes before the court on appeal pursuant to 26 M.R.S.A. § 1194(8), 5 M.R.S.A. §§ 11001-11008 and M.R. Civ. P. 80C,[1] from a decision of the respondent Maine Unemployment Insurance Commission ("Commission"). After reviewing the Commission's decision in question and the certified record on appeal, the appeal will be denied.

## Background

The petitioner was employed at a Wal-Mart store from June 2003 to July 30, 2004, when she was discharged for failure to turn in a sum of money which had been found in the store and given to the petitioner in her position as a customer service manager. The appellant applied for and it appears that she initially was granted unemployment benefits. Although the record is unclear on the sequence of appeals, eventually an administrative hearing was held. When the appeal was scheduled for hearing by telephone, the petitioner was unavailable and did not participate. As a result, the

_____

[1] The petitioner's original filing with the court included both an appeal pursuant to Rule 80C and independent claims against the respondent. The petitioner subsequently filed a motion to dismiss her independent claims, which motion was granted by order of the court dated April 20, 2005. Only the administrative appeal remains for decision by the court.

petitioner's appeal was dismissed pursuant to the Notice of Appeals Hearing which contained the instruction,"Failure to appear will result in a dismissal of this appeal . . .".

The petitioner then appealed the decision of the administrative hearing officer to the full Commission. The issue on appeal was whether the petitioner had good cause for her failure to attend or participate in the prior hearing before the administrative hearing officer. The petitioner contended that she did not receive the Notice of Hearing until after the hearing had been conducted. A telephonic hearing was held on the appeal to the Commission, with the petitioner participating up to a point where a male voice (presumably her husband) joined her on the phone and terminated the call after an insulting comment to the Commission members. After reviewing the evidence concerning the mailing of the hearing notice to the petitioner at her Bangor post office box and the petitioner's habits in checking sa her mail, the Commission found that the notice had been mailed in sufficient time and that there was no evidence that it was not timely delivered to the post office box or improperly addressed. Finding further that actual receipt of the mail was then entirely within the petitioner's hands, the Commission found that the petitioner had not demonstrated good cause for her failure to participate in the previous hearing, and the appeal was dismissed. The petitioner then filed the present petition in the Superior Court.

Following the filing of the present appeal, the parties both submitted their briefs and the petitioner filed a motion to expand the record and take additional evidence. A hearing on this motion was scheduled for July 6, 2005, at 3:00 p.m. in the Penobscot County Superior Court. A motion to continue was granted and the hearing was rescheduled for July 14, 2005, at which point counsel for the defendant Commission appeared, but the petitioner failed to appear. As the result of the plaintiff's failure to

3

appear for the hearing, the court denied her pending motions and ordered that the appeal would be decided on the previously filed briefs.

## Discussion

On appeal, the issue before the court is whether the Commission's dismissal of the petitioner's appeal due to her failure to appear before the hearings officer constituted an error of law, an abuse of discretion, or was unsupported by the evidence. The court finds none of these conditions to exist.

First, the Commission committed no error of law or abuse of discretion. The Commission properly identified the standard to be applied as "good cause" as provided in Chapter 5(1)(B) of the Commission rules. The burden of proving good cause lies with the appellant and the Commission's determination that the appellant failed to sustain this burden is fully supported by the evidence of record. According to the petitioner's own testimony, at the time that the notice was sent, her practice was to check her post office box two to three times a week. Thus, it is the petitioner's responsibility for the failure to receive the notice until after the date of the telephonic hearing. The Commission's decision is fully supported by the evidence of record, or lack thereof, and there is no abuse of discretion.

In light of the foregoing, the entry will be:

Appeal DENIED; REMANDED to the Commission.

Dated: August 18, 2005

S. Kirk Studstrup
Justice, Superior Court

Date Filed 2/2/05          PENOBSCOT          Docket No. AP-2005-3
                              County

Action          RULE 80C APPEAL
JUSTICE HJELM RECUSED
JUSTICE MEAD RECUSED
JUSTICE S. KIRK STUDSTRUP SPECIALLY ASSIGNED


LINDA WATSON                         vs.   UNEMPLOYMENT INSURANCE COMMISSION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| LINDA WATSON, PRO SE<br>21 WILLOW DRIVE<br>NEWPORT, ME 04953 | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333-0006<br>BY: PAMELA WAITE, AAG<br>ELIZABETH J. WYMAN, AAG |

| Date of Entry | |
|---|---|
| 2/2/05 | Rule 80C APpeal filed. (attachments attached), together with statements of David B. Watson, Sr., Elizabeth Kennison, and Robert Kennison, along with Linda's (Watson) Statement and Arguments for her Unemployment to State of Maine Unemployment Insurance Commission (attachments attached). |
| 2/2/05 | Applicantion of Plaintiff to Proceed Without Payment of Fees M.R.Civ.P. 91, together with an Indigency Affidavit. |
| 2/3/05 | File presented to Justice Hjelm for review. |
| 2/4/05 | File returned by Justice Hjelm. |
| 2/7/05 | File presented to Justice Mead for review. |
| 2/8/05 | File returned by Justice Mead, order issued. |
| 2/8/05 | Order filed. Upon review of the above entitled file, I must recuse myself from this matter. The case shall be assigned to another Justice. (Mead, J.) Copy forwarded to Plaintiff, Pro Se. |
| 2/8/05 | Order filed. Upon review of the above entitled file, I recuse myself from this case. The Unemployment Insurance Commission is sometimes represented by the Department of the Attorney General. I am sometimes disqualified from cases where the Department of the Attorney General enters an appearanc An appearance has not yet been entered for the Defendant. However, to avoid a prospective confilict, I recuse from this case, which shall be assigned to another Justice. (Hjelm, J.) Copy forwarded to Plaintiff, Pro Se. |
| 2/8/05 | Copy of Docket Sheet together with two (2) orders of Recusal dated 2/8/05 faxed to Deborah Sullivan, Judicial Secretary to Chief Justice Humphrey for Special Assignment. |